# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Burda, | : | |
| Petitioner | : | |
| | : | No. 401 C.D. 2023 |
| v. | : | No. 552 C.D. 2023 |
| | : | SUBMITTED: September 9, 2024 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: November 5, 2024**

Petitioner, Steven Burda, *pro se*, petitions for review from the Department of Human Services' denial of Petitioner's Supplemental Nutrition Assistance Program (SNAP) benefits appeal,[1] requiring him to repay the benefit overissuance (i.e., overpayment) for the period he received benefits during the pendency of a previous appeal to this Court which he lost. We affirm all relevant orders.[2]

---

[1] Docket Nos. 401 C.D. 2023 and 552 C.D. 2023 are essentially the same case. Although not entirely clear, the petition for review docketed at No. 552, filed on March 27, 2023, appears to appeal the final administrative action order issued by the Department's Chief ALJ on March 8, 2023, affirming the ALJ's decision. The petition for review docketed at No. 401, filed on April 20, 2023, appears to appeal the Department's Acting Secretary's order denying reconsideration, filed on April 6, 2023. At all events, the matters have been consolidated and are considered together.

[2] *See supra* note 1.

The litigation underlying this case stretches back almost a decade to 2015, when the Department, through the Montgomery County Assistance Office, determined that Petitioner's family was no longer entitled to SNAP benefits because its household income exceeded eligibility limits. Administrative Law Judge (ALJ) Adjudication issued December 29, 2022, Appeal of Steven Burda, Case No. 460566050-030, Findings of Fact "F.F." 1-42, Certified R. "C.R." at 205-208; *see also Burda v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 162 C.D. 2018, filed December 17, 2019) (*Burda I*), *appeal denied*, 243 A.3d 726 (Pa. 2020), *cert. denied*, 142 S. Ct. 355 (2021), *and rehearing denied*, 142 S. Ct. 852 (2022). The decision of this Court in *Burda I* affirmed the Department's determination [after an earlier appeal to this Court and remand, *see* Order, *Burda v. Department of Human Services* (Pa. Cmwlth., No. 917 C.D. 2016, filed May 11, 2017),[3]] that Petitioner's December 2015 monthly household income exceeded the income eligibility limits for SNAP, rendering his family ineligible for benefits. *Burda I*, slip op. at 19.

During much of the pendency of the appeals process, Petitioner's family continued to receive SNAP benefits in accordance with Department regulation. 55 Pa. Code § 275.4(h)(4)(iii) ("[r]equests for reconsideration will stay action proposed in the decision of the Director"). Additionally, pursuant to an emergency application for supersedeas filed by Petitioner during his *first* appeal, this Court entered a stay of the Department's order pending disposition of that appeal. Per Curiam Order, *Burda v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 917 C.D. 2016, filed Oct. 3, 2016); Ex. C-14, C.R. at 172. Petitioner's SNAP benefits continued after remand and only ceased on August 31, 2018, due to non-renewal. ALJ Adjudication, F.F. 25, C.R. at 207.

---

[3] In this earlier appeal at No. 917 C.D. 2016, the Court entered an order remanding the matter for issuance of a new adjudication.

2

In August 2022, the Department, through the Office of State Inspector General (OSIG), notified Petitioner of an overissuance of SNAP benefits for the claim period December 1, 2017, through August 31, 2018, totaling $4,095 in payments between those dates[4] and informed him of his obligation to repay the overpayment. The cause of overpayment was listed as "household error," and the "reason for overpayment" as follows:

> This overpayment occurred because the person named above appealed an adverse action. As a result of the appeal, the county assistance office stopped the adverse action pending the appeal and you continued to receive SNAP benefits. You lost your appeal and therefore must repay the SNAP benefits you received immediately following the expiration of the advance notice period. (55 Pa. Code § 275.4(h)(3)(ii)).

SNAP Overpayment Claim Change, Ex. C-8, C.R. at 69. Section 275.4(h)(3)(ii), referred to in the reason for overpayment, provides in relevant part as follows: "[w]hen the hearing decision sustains a proposed adverse action of the County Assistance Office and assistance has been continued pending the hearing, overpayment will occur for assistance received immediately following the expiration of the advance notice period. Referral will be made to the Bureau of Claim Settlement." 55 Pa. Code § 275.4(h)(3)(ii).

Petitioner appealed the notice seeking repayment and a telephonic hearing was conducted by an ALJ of the Department's Bureau of Hearings and Appeals (BHA). At the hearing, the Department's income maintenance caseworker (caseworker) and income maintenance caseworker supervisor (supervisor) appeared

---

[4] This SNAP overissuance period was established based on a prior SNAP overissuance period that ended on November 30, 2017, during the pendency of Petitioner's first appeal. Petitioner's SNAP benefits closed on August 31, 2018, due to non-renewal. (ALJ Adjudication, C.R. at 221.)

for the Department. The caseworker testified that Petitioner's household continued to receive SNAP benefits pending the outcome of the appeal, even though the family was no longer eligible for benefits. Notes of Testimony "N.T." at 17-18, C.R. at 259-60. The supervisor testified that the reason Petitioner's household continued to receive benefits was his appeals and, in response to the ALJ's questioning about the lack of evidence of income, that "when calculating this type of overpayment, income is not a factor." N.T. at 18, C.R. at 260. Upon request of the ALJ for the regulation or policy underlying this, the supervisor referenced a "reason code 49." N.T. at 21, C.R. at 263. Reason code 49, "Appeal Lost" is found in a document called "ARRC [(Automated Restitution Referral and Computation)] Manual Chapter 5, Reason Code Guidelines" and is identical to the reason provided in OSIG's notice to Petitioner. *Compare* SNAP Overpayment Claim Change, Ex. C-8, C.R. at 69 *and* "From ARRC Manual, Chapter 5, Reason Code Guidelines," Ex. C-10, C.R. at 81; *see also* 55 Pa. Code § 275.4(h)(3)(ii). Petitioner appeared on his own behalf and testified through a translator that he was eligible for SNAP benefits during the relevant time period because he was unemployed and asserted that "many admissions, inaccuracies, and miscomputations were performed during that period." N.T. at 26-27, C.R. at 268-69.

The ALJ concluded that a SNAP benefit overissuance occurred during the period in question, December 2017 through August 2018, and ordered that the appeal of the overissuance notice be denied. ALJ Adjudication, C.R. at 222. The ALJ concluded that the Department established that Petitioner's income "was never the issue of this appeal and testified [that] this appeal was due to the fact [that] [Petitioner] filed a timely appeal, which kept his SNAP benefits open pending a hearing decision." *Id.* Petitioner filed a reconsideration request, which was denied

4

on March 8, 2023, by "final administrative action order" by the Department's Chief ALJ, affirming the ALJ's decision. Final Administrative Action Order, C.R. at 231. Thereafter, Petitioner again requested reconsideration, which was disposed of by an order denying reconsideration signed by the Acting Secretary of the Department. Order Denying Reconsideration, C.R. at 239. Thereafter, Petitioner filed the instant appeals of the orders at issue.

Petitioner lists six numbered issues in his brief, which may be paraphrased as whether the Department failed to consider documents he claims to have submitted to BHA, which are not in the record and the contents of which are not described; whether the Department failed to consider whether his family was financially qualified in the relevant period by not verifying income and qualified expenses; and whether the Department "ignored" other appeals in which Petitioner prevailed. Pet'r Br. at 6-7.

Petitioner's brief presents a multitude of assertions lacking any substantive citation to the record or identifiably relating the arguments to any specific error. The brief presents a complaint, repeated in several permutations, that BHA and the Department

> did not decide the matter on the merits of ALL available and provided documents, records, financial statements, qualified expenses, notices, unemployment letters, logs and transactions, despite being in possession of it all as received by both facsimile mail (fax) and by [United States] Mail with [United States Postal Service Form 3817], sent prior to due date, with receipt of prior to due date.

Pet'r Br. at 10-12. Petitioner asserts that the Department did so in order to deny him benefits, despite his success in other appeals, and that by doing so, prevented a

5

proper calculation of his income. *Id.* at 11. Petitioner makes further comparisons to other appeals before BHA in which he prevailed that are not before the Court. *Id.* at 12-14. Within this discussion of other matters, Petitioner accuses the Department of failing to verify his income. *Id.* at 14. Petitioner claims that the ALJ "did not permit [Petitioner's] rebuttal"; that the ALJ was "prejudiced or biased"; that the ALJ refused an unidentified Exhibit A-3 after the record was closed;[5] and that the child support records he submitted were ignored and evidence of income "cherry-picked." *Id.* at 15. Finally, Petitioner contends that OSIG's referral to the Department was untimely. *Id.* at 16. Petitioner filed a reply brief that contains essentially the same arguments.

The Department substantively responds that federal regulations require it to establish and collect SNAP overissuance claims against households. 7 C.F.R. § 273.18(a)(2) ("[t]he State agency must establish and collect any claim by following regulations"). The Department notes that it was not able to collect the SNAP overissuance previously made without first permitting Petitioner to have full access to due process rights regarding whether his household income exceeded income limits; once that process was exhausted, the Department began the SNAP overissuance collection process.

We are not able, based upon Petitioner's brief, to discern any error of law, lack of evidence supporting necessary findings of fact, or violation of constitutional rights to support a reversal in this matter. In December 2015, Petitioner was notified that his household was not eligible to receive SNAP benefits

---

[5] The transcript indicates that the record was held open until November 18, 2022, for the submission of Exhibits A-1 and A-2, *id.* at 33, C.R. at 275; A-1 was to be Petitioner's response to Department's Exhibits C-11 to C-14, which he claimed not to have received, Exhibit A-1, C.R. at 174, and Exhibit A-2 is copies of child support records, C.R. at 177-200.

because the household's income was over the limit for benefits. That determination was stayed pending Petitioner's unsuccessful appeals within the Department and in the Courts, which finally reached an end in 2022, when Petitioner was finally denied review by the United States Supreme Court. At that point, the Department initiated the collections process for payment of benefits during the period of December 1, 2017, through August 31, 2018, while his first appeal before this Court was pending. There is no dispute of these facts. At that point, the Department was required to seek repayment of the overissuance of benefits to which Petitioner was not entitled during the appeal period.

In light of the foregoing, we affirm the Department's Chief ALJ's March 8, 2023 final administrative action order affirming the ALJ's decision and the Department's Acting Secretary's April 6, 2023 order denying reconsideration.

 

 

 

 
_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Burda, | : | |
| Petitioner | : | |
| | : | No. 401 C.D. 2023 |
| v. | : | No. 552 C.D. 2023 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |

# O R D E R

AND NOW, this 5th day of November, 2024, the following orders are AFFIRMED: the March 8, 2023 final administrative action order of the Chief Administrative Law Judge and the April 6, 2023 order denying reconsideration of the Acting Secretary.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita